### SEARS v. SCHLOTZHAUER et al.
### No. 9131.

Circuit Court of Appeals, Ninth Circuit.

Oct. 19, 1939.

T. N. Harvey, C. W. Johnston, and Claude F. Baker, all of Bakersfield, Cal., and D. Bianco, of San Francisco, Cal., for appellant.

Brittan & Mack and M. G. Brittan, all of Bakersfield, Cal., and David E. Peckinpah and L. N. Barber, both of Fresno, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment against a trustee in bankruptcy in his suit to recover from appellees certain moneys paid appellee Schlotzhauer by the bankrupt, which the trustee contends was a preference payment recoverable under the provisions of Section 60, sub. b, of the Bankruptcy Act as amended in 1910. 11 U. S.C. (1934 Ed.) § 96, sub. b, 11 U.S.C.A. § 96, sub. b.

It is not questioned that at the time of the payment the bankrupt was insolvent, that the payment was within four months of the filing of the petition, and that the payment gave the payee, a creditor of the debtor, a greater percentage of her debt than other creditors of the same class. The sole question for our consideration is whether the payee, Mrs. Schlotzhauer, had reasonable cause to believe the payment to her would operate as a preference.

The bankrupt was the daughter of Mrs. Schlotzhauer. Both mother and daughter had for some years been engaged in business enterprises. They were living in the same city of Bakersfield, California, and frequently met together and discussed their business affairs. The bankrupt owed her mother the sum of $3,800, and had a deposit in the bank to her credit of $2,604.89.

On July 21, 1937, she withdrew the balance of her account in the bank, receiving therefor two cashier's checks.

On July 31, 1937, the bankrupt was served with notice of motion for execution on a judgment against her rendered some years previously. The amount of this judgment added to other minor debts exceeded her resources and caused the insolvency. Subsequent to the service of the notice, the bankrupt cashed the two cashier's checks and paid the mother in discharge of the indebtedness to the latter the money withdrawn from the bank and the proceeds of the sale of certain of the bankrupt's property. An involuntary petition in bankruptcy was filed against the bankrupt on October 22, 1937, adjudication of bankruptcy was made November 24, 1937, the judgment on which notice of motion for execution had been served was allowed as a claim.

All the testimony tending to show that the mother had reasonable cause to believe the payment to her would operate as a preference was heard in open court by the judge below. The findings of the lower court are hence subject to the strong presumption in their favor.

Appellant contends that before the mother received the money she had been informed by the bankrupt that the latter had been served with papers concerning the judgment and that this constituted notice of the existence of the judgment indebtedness. There is evidence that the mother herself at one time stated that the daughter had informed her of the service of the notice of motion for execution on the judgment debt prior to the time she received the money from her daughter. There is also the evidence of the mother that she had been paid the money before her daughter informed her of the service of the notice. There was other evidence tending to corroborate both contentions.

The trial judge had the opportunity of observing the demeanor of both mother and daughter in their testimony in the case and we are unable to find that the district court erred if, as seems certain, it concluded that the earlier statements of the mother concerning her knowledge of the service of the notice of motion for execution on the judgment prior to her receipt of the money from her daughter were due to confusion or inadvertence and that they did not impeach and negative her later statements that she had no knowledge of the judgment or the service of papers on the bankrupt concerning the judgment indebtedness at the time the daughter-debtor discharged the obligation to her. The court committed no reversible error in holding that the trustee had not sustained his burden of proof that Mrs. Schlotzhauer had knowledge or "reasonable cause to believe" that the transfer to her would effect a preference.

Judgment affirmed.